UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eniola Famuyide, | Civil No. 23-1127 (DWF/ECW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Chipotle Mexican Grill, Inc., and Chipotle Services, LLC, | |
| Defendants. | |

This matter is before the Court on Defendants Chipotle Mexican Grill, Inc., and Chipotle Services, LLC's (collectively, "Chipotle") letter request to file a motion to reconsider the Court's August 31, 2023 Order (Doc. No. 37) denying Chipotle's motion to compel arbitration. (Doc. No. 38.) Plaintiff Eniola Famuyide opposes the request. (Doc. No. 40.)

While Chipotle's request was pending before this Court, Chipotle filed a notice of interlocutory appeal to the Eighth Circuit. (Doc. No. 42.) "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As a general matter, when a party appeals a decision of the district court, the district court is divested of jurisdiction over the matters on appeal. *Id.*

Because Chipotle filed a notice of appeal, the Court no longer has jurisdiction to grant Chipotle's request. *See* 11 Fed. Prac. & Proc. Civ. § 2911 (3d ed.) ("[O]nce an appeal has been docketed, the trial court cannot grant the motion without a remand.").

The Court may, however, issue an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." In such case, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* In this case, however, there is no pending motion before the Court. Rather, Chipotle has requested permission to file a motion to reconsider, as required by Local Rule 7.1(j). Because there is currently no motion before the Court, Rule 62.1 is inapplicable. But even if the rule applied, the Court would defer considering the request at this time. *See* Fed. R. Civ. P. 62.1(a)(1); *see also Ret. Bd. of Policemen's Annuity & Ben. Fund of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013) ("[A]n indicative ruling on the very issue on appeal only interrupts the appellate process.").

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Chipotle's request to file a motion to reconsider the Court's August 31, 2023 Order (Doc. No. [38]) is **DENIED WITHOUT PREJUDICE**.

Date:  October 5, 2023            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge